IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-20026-STA |
| ) | |
| BILLY JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COUNT ONE OF THE INDICTMENT**

Before the Court is Defendant Billy Johnson's Motion to Dismiss Count One (D.E. #89) filed on April 8, 2009. The government has responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Defendant Billy Johnson was indicted on one count of conspiracy to commit murder-for-hire pursuant to 18 U.S.C. § 1958(a); two counts of murder-for-hire pursuant to 18 U.S.C. §§ 1958(a) and 2; and eight counts of perjury pursuant to 18 U.S.C. § 1623.[1] Trial commenced on March 23, 2009. The jury returned a verdict of guilty as to all counts on April 15, 2009. Defendant filed the instant Motion during trial pursuant to Fed. R. Crim. P. 12(b)(3)(B), which

---

[1] Superseding Indictment, Aug. 14, 2008.

1

provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

As to Count One, Defendant argues that the conspiracy count failed to allege one of the required elements of the crime, that is, an overt act. According to Defendant, an over act is an essential element of 18 U.S.C. § 1958(a). Defendant cites for support *United States v. Cope*, 312 F.3d 757 (6th Cir. 2002) where the Sixth Circuit listed the *prima facie* elements of conspiracy to commit murder-for-hire and included an overt act as an element of the offense. Defendant also discusses *United States v. Dorman*, 108 Fed. Appx. 228, 248 (6th Cir.), *cert. denied*, 543 U.S. 983 (2004). Because Count One fails to charge an overt act, Defendant argues that Count One of the Indictment should be dismissed.

The government has argued in response that proof of an overt act is not required with respect to a charge of conspiracy under the murder-for-hire statute. The statute does not mention the commission of an over act as a required element of the offense. The Sixth Circuit has recently held that when a statute does not require an overt act proof of an overt act is not required in order to find a defendant guilty of conspiracy to commit the crime. Additionally, the Sixth Circuit Pattern Criminal Jury Instructions note that many conspiracy statutes do not require an overt act. The government contends that no other federal circuit has required proof of an overt act under 18 U.S.C. § 1958(a).

In his reply brief, Defendant argues that the government has failed to address the holding in *Dorman*. Despite the government's contention that no other circuit has required an overt act in this context, Defendant cites a Fifth Circuit case setting forth an overt act as one of the required elements of the crime of conspiracy to commit murder-for-hire pursuant to 18 U.S.C. §

1958(a).

## STANDARD OF REVIEW

The Sixth Circuit has held that an indictment is adequate if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[2]  It is well-settled that "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime."[3]  "An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense."[4]

## ANALYSIS

The Court holds that Count One of the indictment properly states the elements of the offense of conspiracy to commit murder-for-hire pursuant to 18 U.S.C. § 1958(a).  The Sixth Circuit has held generally that "when a statute does not require an overt act, we do not read that requirement into the statute."[5]  The Supreme Court of the United States has consistently applied

---

[2] *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Maney,* 226 F.3d 660, 663 (6th Cir.2000); *United States v. Monus,* 128 F.3d 376, 388 (6th Cir.1997).

[3] *U.S. v. Landham*, 251 F.3d 1072, 1079-1080 (6th Cir. 2001).

[4] *Id*. (citing *Hamling,* 418 U.S. at 117, 94 S.Ct. 2887; *Monus,* 128 F.3d at 388).

[5] *United States v. Dedman*, 527 F.3d 577, 594 (6th Cir. 2008) (citing *Salinas v. United States,* 522 U.S. 52, 63, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997)).

the same principle to many conspiracy statutes through almost a century of its jurisprudence.[6] The Supreme Court has held, for example, that proof of an overt act was not an element of the RICO conspiracy statute found at 18 U.S.C. § 1962(d) because the statute did not mention an overt act.[7] The Court contrasted the RICO conspiracy statute with the general conspiracy statute, 18 U.S.C. § 371, which does require proof of an overt act.[8] The Supreme Court has summarized the overt act requirement in this way: "[Earlier cases] give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1 [which... omits any express overt-act requirement], it dispenses with such a requirement."[9] Applying the same principle, the *Dedman* Court held that proof of an overt act was not an element of the crime of conspiracy to defraud the United States under 18 U.S.C. § 286.[10]

Although neither the Supreme Court nor the Sixth Circuit has precisely addressed the

---

[6] *E.g. Nash v. United States,* 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913) (Sherman Act); *Singer v. United States,* 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285 (1945) (Selective Service and Training Act of 1940).

[7] *Salinas*, 522 U.S. at 63.

[8] The general conspiracy statute makes it a crime for "two or more persons [to] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons [to] do any act to effect the object of the conspiracy." 18 U.S.C.A. § 371. For this reason other Circuits have required proof of an overt act where the indictment charges the defendant with a 1958(a) conspiracy pursuant to the general conspiracy statute at § 371. *See United States v. Razo-Leora*, 961 F.2d 1140, 1144 (5th Cir. 1992).

[9] *Whitfield v. United States*, 543 U.S. 209, 125 S.Ct. 687 (2005) (quoting *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382 (1994)). *Whitefield* held that an overt act was not an element of the federal money laundering conspiracy statute, 18 U.S.C. § 1956(h). *Shabani* held that an overt act was not an element of the drug conspiracy statute, 21 U.S.C. § 846.

[10] *Dedman*, 527 F.3d at 577.

overt act requirement with respect to § 1958(a), the Court finds that the same reasoning applied to other conspiracy statutes should apply to 18 U.S.C. § 1958(a).  The federal murder-for-hire statute found at 18 U.S.C. § 1958(a) makes it a crime to

> travel[] in or cause[] another (including the intended victim) to travel in interstate or foreign commerce, or use or cause[] another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or ... conspire[] to do so.[11]

The statute does not mention proof of an overt act as a required element of the crime and otherwise omits the "any act to effect the object of the conspiracy" language of 18 U.S.C. § 371, the general conspiracy statute.  In light of this omission, it appears that Congress has "dispense[d] with such a requirement" as to the federal conspiracy to commit murder-for-hire statute.  Therefore, the Court holds that proof of an overt act is not an element of the crime of conspiracy to commit murder-for-hire pursuant to 18 U.S.C. § 1958(a).

It is true that the Sixth Circuit stated in *United States v. Cope* that "[t]he government needed to prove that (1) [the defendant] conspired to use the mail with the intent that the murders of the [victims] be committed in consideration of money to be paid a contract killer, (2) [the defendant] knowingly and voluntarily joined the conspiracy, and (3) a member of the conspiracy... did one of the overt acts described in paragraphs 31 to 33 of the indictment to advance or help the conspiracy."[12]  However, the Court finds *Cope* distinguishable from the case

---

[11] 18 U.S.C.A. § 1958(a).

[12] 312 F.3d 757, 768 (6th Cir. 2002).  In a subsequent unpublished decision in a §1958(a) conspiracy case, the Sixth Circuit cited *Cope* for the proposition that proof of an overt act was an element of the crime of conspiracy under §1958(a).  *United States v. Burdette*, 86 Fed.Appx.

at bar. The precise issue presented in this Motion was never addressed by the *Cope* Court. One of the defendants in *Cope* appealed his conviction by challenging the sufficiency of the evidence as to several of the counts against him including a count of conspiracy to commit murder-for-hire.[13] The Sixth Circuit did not hold as a matter of law that proof of an overt act was an element of the crime of conspiracy to commit murder-for-hire under 18 U.S.C. § 1958(a). Rather the Sixth Circuit concluded that the government had the burden to prove the overt acts because the indictment had alleged certain overt acts in furtherance of the conspiracy.[14] Therefore, the Court finds *Cope* inapposite to the question presented in the Motion before the Court.

## CONCLUSION

The Court concludes that the Count One of the indictment properly states the elements of the offense of conspiracy to commit murder-fir-hire pursuant to 18 U.S.C.A. § 1958(a).

---

121, 126 (6th Cir. 2004). However, the *Burdette* decision is distinguishable for the same reasons as *Cope*.

[13] *Id*. at 767-68.

[14] *See also Dorman*, 108 Fed. Appx. at 250. While the defendant in *Dorman* did challenge the sufficiency of the indictment against him, the Sixth Circuit never considered whether proof of an overt act was as a matter of law an element of the crime of conspiracy to commit murder-for-hire under 18 U.S.C. § 1958(a). The Court in *Dorman* simply noted that the indictment alleged certain overt acts committed by co-conspirators and concluded that the indictment "sufficiently informed [the defendant] of the charges against him." *Accord United States v. Robertson*, 473 F.3d 1289 (10th Cir. 2007) ("Also, because the indictment in this case charged an overt act as to the § 1958(a) conspiracy count, the district court properly instructed the jury that it had to find that 'one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.' We need not, and do not, decide in this case, however, whether an overt act is always required for a § 1958(a) conspiracy conviction").

Therefore, Defendant's Motion to Dismiss this count of the indictment is **DENIED**.

**IT IS SO ORDERED.**

                                             **s/ S. Thomas Anderson**
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: May 4th, 2009.