**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 07-20026-STA** |
| | ) | |
| **BILLY JOHNSON** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## ORDER OF RESTITUTION

---

     Before the Court is the government's request for restitution made during the sentencing hearing which was conducted on October 22, 2009.  The United States has filed a supplement regarding restitution (D.E. # 142) to its position set forth in the pre-sentence report in this matter.  Defendant has filed a brief (D.E. # 152) opposing restitution.  For the reasons set forth below, the request for restitution is **GRANTED**.

## <u>BACKGROUND</u>

     On April 15, 2009, a jury convicted Defendant of one count of conspiracy to commit murder-for hire pursuant to 18 U.S.C. § 1958(a); two counts of murder-for-hire pursuant to 18 U.S.C. §§ 1958(a) and 2; and eight counts of perjury pursuant to 18 U.S.C. § 1623.  On October 22, 2009, the Court sentenced Defendant to life in prison on each of the counts related to murder for hire and 60 months in prison on each of the perjury counts, all to be served concurrently.  The United States sought restitution from Defendant in amount of $611,893.56, to be paid to the Estate of Martha Dean Johnson.  The government argued that this amount represented

1

Defendant's net profit obtained as a result of the murder of Martha Johnson.  Defendant objected to any order of restitution arguing that the victim's estate had the right to pursue civil remedies separate and apart from the federal criminal proceeding.  The Court reserved ruling on the government's request for restitution and instructed the parties to submit additional briefing on that issue.

In its supplemental brief, the United States argues that restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, is appropriate in this case. According to the statute, the Court must order restitution where a defendant is convicted of a crime of violence such as the crime of murder for hire.  The government argues that the victim in this case is the estate of the victim Martha Johnson and that the administrator of the estate Hunter Edwards has notified the United States of the estate's request for restitution in the amount of $611,893.56.  Additionally, the Court should not consider any other sources of compensation for the estate when calculating the amount of restitution.[1]  Therefore, the United States seeks restitution in the amount of  $611,893.56 to the estate of Martha Dean Johnson.

Defendant argues that restitution is not appropriate in this case because the purpose of the MVRA is to compensate victims and not to compel a defendant to disgorge illicit profits. Disgorgement is the aim of criminal forfeiture statutes.  In order to obtain restitution under the MVRA, the government must show direct loss of property to the victim, Martha Johnson, not her estate.  According to Defendant, Martha Johnson's estate retained all of her assets after her murder, and those assets were properly distributed under Tennessee law.  Defendant profited

---

[1] While the government refers to other types of compensation such as insurance payments or negotiated settlements with Defendant, the estate of Martha Johnson has not recovered any such compensation at this time.

2

from the death of Martha Johnson long after his § 1958 offense was complete.  Defendant

contends that any post-offense wrongs relating to the administration of Martha Johnson's estate

were not federal crimes and were never litigated at sentencing.

Defendant further argues that the government failed to make a sentencing record

necessary to resolve apparent factual disputes.  More specifically, the government did not

introduce evidence to permit the Court to "sort through the competing version of events by Jerry

Edwards and Hunter Edwards [Defendant's co-heirs] and the resulting complex issues of fact

about who should or should not have received a share of the estate, how much, and what the

cause for the dispute is within the meaning of *Tennessee* law" (emphasis in original).  Hunter

Edwards, the administrator of the estate, did not file a victim impact statement with the

Probation Office prior to sentencing.  As a result, the Court does not have an adequate

evidentiary record upon which to base its restitution order.  Under the circumstances, any

question about Defendant's ownership of the assets at issue is better left to civil proceedings in

state court.  For these reasons, the Court should deny the government's request for restitution.

## ANALYSIS

The MVRA requires that "when sentencing a defendant convicted of [a specified]

offense. . ., the court shall order, in addition to. . . any other penalty authorized by law, that the

defendant make restitution to the victim of the offense or, if the victim is deceased, to the

victim's estate."[2]  Among the offenses specified where restitution is mandatory are crimes of

---

[2] 18 U.S.C.A. § 3663A(a)(1).

violence.[3]  The MVRA defines a "victim" as

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.[4]

In this case Defendant was convicted of two counts of murder-for-hire and one count of conspiracy to commit murder-for-hire.  Under the MVRA, the Court may not consider a defendant's ability to pay.[5]  The Court finds that Defendant's offenses are crimes of violence for purposes of the MVRA.  Furthermore, the victim of Defendant's offenses was Martha Johnson and subsequent to her death, her estate.  Johnson was a person directly and proximately harmed as a result of Defendant's commission of the crime of murder-for-hire, an offense for which restitution may be ordered.  The Court has also held previously that the crime was not complete at the time of her murder in light of the fact that murder is not an element of the offense of murder-for-hire.[6]  The Court finds Defendant's argument that the estate cannot be a victim to be without merit.  Because Martha Johnson is deceased as a result of the offenses for which Defendant was convicted, the victim's rights may be assumed by her estate.[7]  Therefore, pursuant to the MVRA, the Court is required to order that Defendant make restitution to the

---

[3] § 3663A(C)(1)(A)(I).  The United States Code defines a crime of violence to include "any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).

[4] § 3663A(a)(2).

[5] § 3664(f)(1)(A).

[6] Order Denying Mot. Dismiss Count Three, May 28, 2009.

[7] § 3663A(a)(2).

victim's estate.

The MVRA mandates that in the case of an offense resulting in the victim's loss of property, an order of restitution must direct a defendant to return property to the victim.[8]  The Sixth Circuit has held that the MVRA requires "that the restitution award be based on the amount of loss actually caused by the defendant's offense."[9]  The Court finds that Defendant's offenses of murder-for-hire and conspiracy to commit murder-for-hire resulted in the loss of Martha Johnson's property.  The government has the burden to prove such loss by a preponderance of the evidence.[10]  The government has relied on the proof at trial concerning the loss to the estate of Martha Johnson and seeks restitution in the amount of $611,893.56, that is, the net proceeds of the estate.  The proof showed that as a result of Martha Johnson's death, Defendant inherited assets valued at $611,893.56.  Jonathan Esworthy, a forensic auditor with the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), conducted an analysis of the assets of Martha Johnson and testified that after the sale of various assets and accounting for the debts and liabilities of the estate, the net profit Defendant realized from the murder of Martha Johnson was $611,893.56.[11]  Although Defendant cross-examined the forensic auditor and was heard at the sentencing hearing on the issue of restitution and has submitted a brief in opposition to a

---

[8] § 3663A(b)(1)(A).  The statute also sets out the required forms of restitution where a defendant's offense results in bodily injury to the victim.  *See* § 3663A(b)(2).

[9] *United States v. Boring*, 557 F.3d 707, 713 (6th Cir. 2009) (citations omitted).

[10] § 3664(e).  *See also United States v. Vandeberg*, 201 F.3d 805 (6th Cir. 2000).

[11] Trial Tr. 1678:23-1679:1, Apr. 8, 2009.  The forensic auditor testified that the gross value of the assets of Martha Johnson's estate were $1,124,962.56.  *Id.* at 1678:11-13.  According to the estate's tax return, the estate's debts and liabilities totaled $513,069.  *Id.* at 1678:15-22.

restitution order, Defendant has not made any specific objections to challenge the amount sought by the United States on behalf of the estate.  Therefore, the Court finds that the government has met its burden to establish that the loss to Martha Johnson resulting from Defendant's offenses was $611,893.56.

Defendant's contention that restitution in this case would be akin to criminal forfeiture is unavailing.  The MVRA clearly sets forth the types of crimes for which restitution is mandatory, the victims who are entitled to restitution, and the forms of restitution to which they are entitled. Where the victim suffers a loss of property, the statute provides that a defendant must return the property to the victim.  Defendant argues that an order directing him to make restitution in the amount of $611,893.56 effectively constitutes disgorgement of his full illicit gain, much like criminal forfeiture, rather than the value of the victim's loss.  Defendant cites language from the Sixth Circuit distinguishing restitution from forfeiture: "Given their distinct nature and goals, restitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain."[12]  In *Boring*, the Sixth Circuit held that the district court's restitution order was overly broad where the lower court ordered a defendant to return all workers compensation benefits the defendant had fraudulently obtained as well as benefits to which he was entitled.  The *Boring* court concluded that "payments to which [the defendant] was legitimately entitled" should not be included in the calculation of restitution because "those [benefits] do not constitute losses to the victim and thus are not properly the subject of restitution."[13]  First, Boring does nothing to

_____

[12] *Boring*, 557 F.3d at 714 (quoting *United States v. Webber*, 536 F.3d 584, 602-03 (7th Cir. 2008)).

[13] *Boring*, 557 F.3d at 714.

6

support Defendant's argument that the Court should not order any restitution at all in this case. Defendant also fails to acknowledge that under the MVRA, the victim's loss of property may in some cases be the full amount of the defendant's profits from his offense.  Unlike the *Boring* defendant, it can not be said that Defendant has a legitimate interest in any of the victim's property.[14]  As a result, the loss to Martha Johnson and the Defendant's profits realized from his illegal activity are the same.  Thus, *Boring* is distinguishable.

Defendant is ordered to make restitution in the amount of $611,893.56 in a single, lump-sum payment pursuant to 18 U.S.C. § 3664(f)(3)(A).

Finally, 18 U.S.C. § 3664(f)(1)(B)(2) states that after the Court has determined that restitution must be made,

> the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of–
>
>> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>> (B) projected earnings and other income of the defendant; and
>>
>> (C) any financial obligations of the defendant; including obligations to dependents.

Additionally, the statute gives the Court the discretion to direct the probation officer to prepare a report which should include among other things "information relating the economic circumstances of [the] defendant."[15]

Therefore, the Court directs the probation officer to prepare a report containing the

---

[14] *See* Tenn. Code Ann. § 31-1-106.

[15] § 3664(a).  *See also United States v. Davis*, 306 F.3d 398, 426 (6th Cir. 2002) ("Our holding does not preclude the district court from eliciting the assistance of others in setting such a schedule.").

financial resources and other assets of Defendant, including whether any of his assets are jointly controlled; projected earnings and other income of Defendant; and any financial obligations of the defendant, including obligations to dependents.  In aid of the probation officer's report, Defendant shall prepare and file with the probation officer an affidavit fully describing the financial resources of Defendant, including a complete listing of all assets owned or controlled by Defendant as of the date on which Defendant was arrested, and the financial needs and earning ability of Defendant and Defendant's dependents.  Defendant shall provide this affidavit within fourteen (14) days of the entry of this Order.  The probation officer's report shall be due within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 13th, 2010

8