IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 07-20026-STA |
| | ) | |
| BILLY JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

___

**ORDER**

___

Before the Court is Defendant's Emergency Motion to Correct and Supplement the Record to Include Defendant's Proposed Jury Instructions (D.E. # 156) filed on January 22, 2010.  The government has responded in opposition to Defendant's Motion, and Defendant has subsequently filed a Reply brief.  Defendant seeks to have the Court supplement the record pursuant to Fed. R. App. P. 10(e) to include jury instructions proposed by Defendant during the charge conference in this matter.  Fed. R. App. P. 10(e) states in relevant part

>  (e) Correction or Modification of the Record
>
>  > (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>  > (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>  > > (A) on stipulation of the parties;
>  > > (B) by the district court before or after the record has been forwarded; or

1

(C) by the court of appeals.[1]

The Sixth Circuit has held that "the appellate court should have before it the record and facts considered by the District Court."[2] Fed. R. App. P. 10(e) grants this Court limited discretion to modify or change the record on appeal in two instances: "(1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2) when a material matter is omitted by error or accident."[3] The Sixth Circuit has counseled that the term "error or accident" in Rule 10(e) "should be broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof."[4] "Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge."[5] The proper purpose of Rule 10(e) is corrective, that is, to protect the accuracy of the record of the proceedings before the lower court and not a means of introducing new evidence to alter the record.[6]

An appellant has the burden to provide the appellate court with the portions of the record necessary to determine his appeal and to supplement the record with any other proper

---

[1] Fed. R. App. P. 10(e)(1) & (2).

[2] *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997) (citing *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)).

[3] *Barrow*, 118 F.3d at 487.

[4] *Id*. at 488.

[5] *Id*. (citing 9 Moore's *Federal Practice* ¶ 210.08[1], at 10-53 (2d ed.1980)).

[6] *Barrow*, 118 F.3d at 488. *See also Wheaton v. North Oakland Medical Center*, 130 Fed. Appx. 773, 780 (6th Cir. 2005); *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003) (unpublished) ("[T]he purpose of amendment under this rule is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence. . . even if the new evidence is substantial.")

information not already part of the record.[7]  The Sixth Circuit has previously rejected an appeal concerning a proposed jury instruction where the proposed instruction was not made part of the record and the appellant did not include the language of his proposed instruction in his appellate brief.[8]  In another instance, the Sixth Circuit concluded that the trial court did not abuse its discretion under Rule 10(e) by supplementing the appellate record to include proposed jury instructions which the trial court had certified were submitted to and used by the trial court.[9]

Based on the briefs of the parties, the issue presented is whether the jury instructions Defendant seeks to add to the record of this case are in fact the same jury instructions Defendant proposed at the charge conference on April 9, 2009.  Although the government questions whether the jury instructions attached to the instant Motion are identical to the earlier proposed jury instructions, the parties do not dispute that Defendant did propose jury instructions and that the Court decided not to use all of the instructions Defendant proposed.  Thus, the Court holds that to the extent that Defendant can demonstrate that the instructions attached to his Motion are the same instructions he submitted at trial, the record should be supplemented pursuant to Rule 10(e) to include the proposed instructions.

Therefore, Defendant is ordered to submit proof that the jury instructions attached to his

---

[7] *United States v. Jamal*, 246 Fed. Appx. 351, 365 (6th Cir. 2007) (citing Fed. R. App. P. 10 and Fed. R. App. P. 30).

[8] *Jamal*, 246 Fed. Appx. at 365 ("Without the text of [an appellant]'s proposed instruction, [the Sixth Circuit] cannot determine whether that instruction was a correct statement of the law or whether it was substantially covered by the charge the district court delivered to the jury.").

[9] *Barrow*, 118 F.3d at 488.  Additionally, the lower court in *Barrow* certified that it required the parties to submit jury instructions to which the parties could stipulate as well as instructions on which they did not agree.

3

Motion are the same jury instructions he previously proposed at the charge conference. Defendant's proof may include an affidavit establishing that the jury instructions he seeks to add to the record are a true and identical copy of the instructions previously presented to the Court. Defendant should submit his proof within seven (7) days of the entry of this Order.

    **IT IS SO ORDERED**.    **s/ S. Thomas Anderson**
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

    Date: February 5th, 2010.